UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,

        Plaintiff,

v.

HEIDI WASHINGTON, et al.,

        Defendants.

                               /

Case No. 2:20-cv-12106

HONORABLE STEPHEN J. MURPHY, III

**ORDER TRANSFERRING CASE TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

On August 5, 2020, Plaintiff—a Michigan prisoner at the Baraga Maximum Correctional Facility—filed a pro se complaint in the Eastern District of Michigan. ECF 1. The complaint named Michigan Department of Corrections ("MDOC") Director Heidi Washington, JPAY, Inc., and Assistant Resident Unit Supervisor ("ARUS") Don DeForge as Defendants. *Id.* Plaintiff asserted that JPAY, Inc. refused to equip a handheld electronic device—available to inmates at his prison—with a set of video games. *Id.* at 5, 11. Plaintiff further asserted that he raised the problem with the American Arbitration Association, *id.* at 3, but that as a result, ARUS DeForge allegedly took retaliatory actions against him, *id.* Plaintiff also asserted that Director Washington ordered MDOC personnel to obstruct his litigation efforts. *Id.*

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Venue is proper in the "district in which any defendant resides" or the "district in which a substantial part of the events or omissions giving rise to the claim

1

occurred." 28 U.S.C. § 1391(b)(1), (2). For venue purposes, a corporation is a resident of the district where it "is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

When venue is improper, the Court may, in the interests of justice, transfer the case to a district where it could have been brought. *See* 28 U.S.C. § 1406(a). To that end, the Court may sua sponte transfer a case based on improper venue. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989).

Here, Plaintiff's facility and ARUS LeForge reside in Baraga County, Michigan. ECF 1, PgID 1. Plaintiff's complaint also alleged that all the relevant events occurred in Baraga County. *Id.* at 3–25. And Director Washington resides in Ingham County, Michigan. *Id.* at 1. Both Baraga and Ingham Counties are part of the Western District of Michigan. 28 U.S.C. § 102(b). Plaintiff also asserted that JPAY Inc. is a Florida corporation. ECF 1, PgID 1. The United States District Court for the Western District of Michigan is therefore the more appropriate and convenient forum for the action. In the interests of justice, the Court will exercise its discretion and transfer the case to that district for further consideration. *See* 28 U.S.C. § 1406(a).

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court shall **TRANSFER** the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

2

The Court has not decided Plaintiff's motion to proceed in forma pauperis, ECF 2, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or 42 U.S.C. §1997e(c).

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 17, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 17, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
